IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LINDA SUE SIMMONS**                                                                              **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:15cv198-KS-RHW**

**HARRISON COUNTY SHERIFF
DEPARTMENT and HARRISON COUNTY
ADULT DETENTION CENTER**                                                       **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the Court for consideration of dismissal. On June 29, 2015, the *pro se* free-world plaintiff Linda Sue Simmons filed this lawsuit against Harrison County Sheriff Department and Harrison County Adult Detention Center pursuant to 42 U.S.C. § 1983, alleging violation of her civil rights. The complaint was accompanied by [2] a motion for leave to proceed *in forma pauperis* (IFP), which the Court has granted. [5]

On July 1, 2015, the undersigned reviewed the complaint, and entered an order requiring Plaintiff to file an amended complaint by July 16, 2015, in part because neither of the defendants named by Plaintiff is an entity amenable to suit. *Brown v. Thompson*, 927 So. 2d 733 (Miss. 2006) (sheriff's department is not a legal entity capable of being sued under 42 U.S.C. § 1983); *Miley v. Jones County Jail*, 2007 WL 2159334, at *8 (S.D. Miss. July 25, 2007) ("a jail is not a legal entity capable of being sued and is not a proper defendant in a Section 1983 lawsuit, as it is not a 'person' within the meaning of that statute"). The Court advised Plaintiff that the named defendants were not subject to suit, ordered her to amend her complaint to name a proper defendant/defendants, and to set forth facts as to what each such defendant did to violate her constitutional rights.

On July 13, 2015, Plaintiff filed an amended complaint, again naming as defendants only the Harrison County Sheriff Department and Harrison County Adult Detention Center. The amended complaint states as facts only that Plaintiff was incarcerated January 31, 2014 for "failure to comply;" that her "wrists are dislocated as of today. Untreated;" that to Plaintiff's knowledge "Johnny Christie is over these Aux officers;"[1] "lockdown over 90% of time;" and "released; walking, homeless, no cash, no resources and no knowledge of personal property business property ... paperwork or vechical (*sic*)..." As relief sought, the amended complaint merely cites various titles of the Mississippi Code.

## Discussion

Under 28 U.S.C. § 1915(a), the Court may allow a plaintiff to proceed without the prepayment of fees. However, the court must "dismiss [an IFP] case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "A claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F.App'x 435 (5th Cir. 2013)(citation and internal quotation marks omitted).

---

[1] The amended complaint identifies no officers.

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556, 570). Rule 8(a)(2), FED.R.CIV.P., requires that a complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a complaint must contain more than mere labels, conclusions or formulaic recitations of the elements of a cause of action. *Id.*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level..." *Id.*

## RECOMMENDATION

In light of Plaintiff's failure to name a defendant amenable to suit and the vague and disjointed "facts" and conclusory allegations she presents, the undersigned recommends that this case be dismissed for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District

Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he/she objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within 14 days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 23rd day of July, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE